NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 20-535 (SRC) |
| v. | : | |
| | : | |
| ALLAQUAN S. BROWN | : | **OPINION & ORDER** |
| | : | |

**CHESLER**, District Judge

Defendant Allaquan S. Brown ("Defendant" or "Brown") has moved to revoke the April 17, 2020 Order issued by Magistrate Judge Mark Falk denying Defendant's bail application ("April 17 Order"). The United States of America (the "Government") opposes this motion. The Court has considered all written submissions relating to the instant motion and finds that they adequately present the relevant information the Court requires to rule without holding an additional hearing or oral argument.

**I.    FACTUAL BACKGROUND**

In brief, this is a felon-in-possession case. Brown was arrested on September 22, 2019, in the course of a motor vehicle stop about the area of Tillinghast Street in Newark, New Jersey. The Government proffers the following facts relating to the arrest and charged offense:

Based on an anonymous but specific tip concerning a male with a handgun, Newark police officers were conducting surveillance in the Tillinghast Street area when they observed Brown exit a home and enter a Chevrolet as a passenger. When the vehicle drove away, the

officers noted that the front passenger-side headlamp did not work, and they stopped the Chevrolet for a motor vehicle violation. According to the Government, as the officers approached the Chevrolet, they observed Brown remove a red-colored fanny pack from his waist and toss it on the passenger seat. Brown exited the vehicle and began to walk away. It was at this point that the officers shined a flashlight inside the vehicle and saw what appeared to be the handle of handgun protruding from the red fanny pack. The officers in fact retrieved a loaded handgun, a semiautomatic pistol loaded with seven rounds of ball point ammunition. According to the Government, Brown admitted to the officers that there was a handgun inside the fanny pack.

The Indictment charges Brown with one count of being a felon in possession of a firearm on September 22, 2019, in violation of 18 U.S.C. § 922(g)(1).

## II.     PROCEDURAL HISTORY

Federal authorities arrested Brown on or about January 3, 2020. Initially, he was ordered to be detained, upon his consent with a reservation of the right to return with a bail package. On or about January 16, 2020, Defendant requested a bail hearing. He proposed in his application that he be released on an unsecured appearance bond and that he would reside with his mother in Dunellen, New Jersey upon release. Judge Falk heard argument on Defendant's bail application and denied it on January 22, 2020.

Defendant thereafter made a second bail application, which repeated the same conditions of release. On April 17, 2020, following oral argument, that application was also denied by Judge Falk. On the record of proceedings, Judge Falk noted that, although the motion before him

2

was essentially one for reconsideration of his order of January 22, he had previously instructed the parties that Defendant was free to renew his application for bail should additional information become available. Thus, Judge Falk stated that he was not applying the more rigorous standard for reconsideration but rather examining the application anew. Nevertheless, Judge Falk decided against releasing Defendant. As before, he concluded that Defendant's extensive criminal history, the nature of his prior offenses, the nature of the charged offense, and past violations of probation together indicated that Brown posed a danger to the community and had not been deterred from re-offending.

Defendant now moves for this Court to revoke the April 17 Order and grant him pre-trial release.[1] Defendant proposes that he be released on an unsecured bond and also indicates his willingness to submit to other conditions, such as electronic monitoring and home confinement. Brown further states that pending trial, he would reside in his mother's home in Dunellen, New Jersey.

### III.   DISCUSSION

Brown makes the instant motion to revoke Judge Falk's April 17 Order pursuant to 18 U.S.C. § 3145(b), which provides that "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). This Court, which has original jurisdiction over this matter, reviews Judge Falk's detention order de novo. United States v.

---

[1] The Court notes, in the interest of a complete procedural history, that prior to filing the instant motion, Defendant appealed Judge Falk's April 17 Order to the Third Circuit Court of Appeals but later withdrew the appeal.

Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985). Under this standard, "a district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985); see also United States v. Ruben, 974 F.2d 580, 586 (5th Cir. 1992) (holding that the reviewing court "must make an independent determination of the proper pretrial detention or conditions for release."). The district court may rely on the evidence in the record of proceedings before the magistrate judge, or in its discretion, choose to hold an evidentiary hearing if the court determines it would be necessary or useful in its determination. United States v. Koenig, 912 F.2d 1190, 1993 (9th Cir. 1990).

The question of Brown's pretrial detention or release is governed by the Bail Reform Act, 18 U.S.C. § 3141, et seq. The statute provides that a court may order the pretrial release of a defendant and impose appropriate conditions that "will reasonably assure the appearance of the defendant as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). However, the Bail Reform Act also provides in relevant part:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e)(1). While a finding that the defendant may not be released because he is a danger to the community must be made by clear and convincing evidence, it "need not rest upon evidence that would be admissible in a criminal trial." United States v. Perry, 788 F.2d 100, 106 (3d Cir. 1986); see also United States v. Traitz, 807 F.2d 322, 325 (3d Cir. 1986) ("If the

4

government moves for detention on the basis of danger to the community, it must prove this by clear and convincing evidence.") The statute sets forth factors that must be considered in "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g): They are as follows:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person . . .; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).

Applying this analysis to a de novo review of the record created in proceedings before Judge Falk, the Court finds that release of Defendant prior to trial is not warranted. The Court's reasons are twofold.

First, the Court finds that, if released, Brown would pose a danger to the safety of the community, and that no combination of conditions on his release would sufficiently mitigate that threat. The Court bases this finding on an evaluation of the evidence according to the factors set forth in § 3142(g).

As to the nature of the offense charged, Defendant correctly points out that being a felon in possession is not necessarily a crime of violence. See United States v. Bowers, 432 F.3d 518, 524 (3d Cir. 2005). However, with regard to the particular facts of this case, the Court takes note

5

that the Government has proffered evidence that the weapon allegedly found in Brown's possession was loaded with seven rounds of ammunition, that Brown was carrying that weapon on his person while traveling about the city streets, and that he was doing so in an area of Newark known for high crime activity. The circumstances underlying the offense charged strongly indicate that persons in the community were put in danger as a result of Brown's handgun possession.

The weight of the evidence against Defendant also supports the conclusion that Defendant would be a danger to the community if released. According to the Government, the surveillance and ultimate arrest of Brown stems from a tip relating very specific and descriptive details that match the facts attendant to Defendant's charged handgun possession on September 22, 2019. According to the evidence proffered, the tipster gave an accurate physical description of Brown, stated that he carried a handgun inside a red fanny pack, provided specific information about the vehicle Brown would be entering (including color, make and model, and registration number) and precisely identified the location of the vehicle. These tips were confirmed by observations made by officers on the scene, who, the Government proffers, also observed Brown remove from his person a red fanny pack and then toss it on to the passenger seat of the vehicle. Moreover, a weapon was in fact recovered from the fanny pack, and, according to the Government, Brown admitted that the pack contained a handgun. In sum, the evidence against Brown appears substantial.

Next, the Court considers Brown's history and characteristics. Under the statute, these include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history

6

relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Brown does appear to have strong ties to New Jersey. He reports having resided in New Jersey his entire life. As to family ties, he states that he has daily contact with his mother, who lives in Dunellen, New Jersey, and weekly contact with his father, who lives in East Orange, New Jersey. He has six children, at least two who are minors, with whom he maintains a relationship, according to the children's mother. Their mother, who is the estranged wife of Brown, has submitted a letter in support of his character. Brown's financial circumstances, employment history and physical and mental condition appear to be neutral factors with regard to the question before the Court.

However, Brown has an extensive criminal history. Brown has previously been convicted for unlawfully possessing a firearm in violation of New Jersey state law, for resisting arrest, and on numerous occasions, for drug possession with intent to distribute, including near a school zone. Notably, Brown was convicted of aggravated assault in 2010 for assaulting a police officer and received a five-year sentence for this conviction. Although Defense counsel argues that the conduct underlying that conviction would have amounted to a disorderly persons offense if the assault had not been against a police officer, the Court's concerns regarding Brown's release are not assuaged by this fact. While the circumstances underlying the assault conviction may not have been violent, the offense does reflect Brown's noncompliance with law enforcement. Additionally, the record shows that Brown has repeatedly received and served terms of imprisonment for his offenses and nevertheless continued to commit crimes. He has violated probation and been incarcerated as a result. Taken as a whole, Brown's criminal history indicates

7

that Brown will not be deterred from continuing to engage in conduct that endangers the community, regardless of any condition the Court may put on his pretrial release.

As a second basis to deny the application, the Court also finds that pretrial release is not warranted because there is no indication that placing conditions on his release will reasonably assure his appearance at trial. In the Court's view, Brown's repeated criminal conduct, including during periods when he is on probation, and the nature of that conduct, display a consistent disregard for the law, failure to abide by restrictions placed on his activities as a condition of release, and an overall noncompliance with court orders.

In short, upon its own review of the record and for the reasons set forth above, the Court agrees with Judge Falk's conclusion that no condition or set of conditions will reasonably assure the safety of the public if Brown is released pending trial or will reasonably assure that Brown will appear at trial. As such, Defendant has not presented any basis upon which the Court would revoke the April 7 Order, denying Brown's application for pretrial release.

**IV.   ORDER**

For the reasons set forth above,

**IT IS** on this 17th day of September 2020,

**ORDERED** that Defendant Allaquan S. Brown's motion for revocation of his detention order of April 17, 2020 [ECF 27] is **DENIED**.

                                                          s/ Stanley R. Chesler
                                                          STANLEY R. CHESLER
                                                          United States District Judge